UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ROSARIA R. CAMPOS,                )
                                  )
          Plaintiff,              )
                                  )
v.                                )     CIVIL ACTION NO.
                                  )     5:08-CV-115-BG
                                  )     ECF
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
          Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Rosaria R. Campos seeks judicial review of a decision of the Defendant Commissioner of Social Security in which her applications for Disability Insurance Benefits and Supplemental Security Income were denied.  The court has reviewed the parties' pleadings, the record, and the applicable law and recommends that the United States District Court affirm the Commissioner's decision and dismiss Campos' complaint.

## I.   Judicial Review

The court's review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence from the record as a whole and whether the Commissioner applied the proper legal standards in reaching his decision.  *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005).  Substantial evidence is such relevant evidence -- more than a scintilla and less than a preponderance -- that a reasonable mind might accept as adequate to support a conclusion.  *Id*. (citations and quotations omitted).   The Commissioner's decision is granted great deference and will not be disturbed unless the court cannot find substantial evidence in the record

to support the Commissioner's decision or finds that the Commissioner made an error of law. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

## II.    Statement of the Case

Campos injured her right knee while playing kickball on June 22, 2003.  (Tr. 94.)  Testing showed that she suffered torn ligaments in her right knee, and she subsequently underwent surgery. (Tr. 23.)  Campos filed a claim for disability thereafter claiming that she became disabled on June 22, 2003, as a result of her knee injury. (Tr. 58-60.)  She was thirty-four years old at that time.  *Id*. The Social Security Administration considered the claim and awarded Campos a closed period of disability beginning June 22, 2003, and ending February 1, 2005.  (Tr. 11.)  Campos appealed the determination that her disability ended on February 1, 2005, and the Social Security Administration upheld the decision.  In the Administration's final decision, which was issued by an Administrative Law Judge (ALJ) on April 25, 2008, it was determined that Campos had experienced medical improvement in her condition and that as of February 1, 2005, she was capable of performing sedentary work with limitations and that she was therefore no longer disabled.  (Tr. 520-35.)

Campos brings two arguments in this appeal.  She claims the ALJ erred at step three of the sequential disability evaluation process because he failed to find that her impairments met the criteria of Listing 12.05(C), the listing in the Commissioner's regulations for mental retardation. She also claims the ALJ did not properly evaluate her obesity and Obstructive Sleep Apnea (sleep apnea).

## III.    The ALJ's Evaluation of Listing 12.05(C)

At the third step of the evaluation process, the Commissioner compares the claimant's impairment(s) with impairments considered severe enough to disable an individual.  *Loza v. Apfel*,

219 F.3d 378, 390 (5th Cir. 2000).  Often referred to as "the listings," the impairments are listed in Appendix 1 of the regulations.  20 C.F.R. pt. 404, subpart P, app. 1.  If the Commissioner determines that the claimant's impairment(s) meet the duration requirement in the Social Security Act and that they also match or equal the criteria of one of the listings in Appendix 1, the claimant is presumed to be disabled.  20 C.F.R. § 404.1520(d) (2008).  The claimant qualifies for benefits without further inquiry.  *Loza*, 219 F.3d at 390.  Thus, if it is determined that Campos' impairments meet the criteria of a listing, a finding of disability is required.  *See id.* at 390 (disability is conclusively presumed when it is determined that a claimant's impairments meet or equal the criteria of one of the listed impairments in the Commissioner's regulations).

Listing 12.05, which is at issue in this case, addresses the impairment of mental retardation. The threshold criteria of Listing 12.05 requires that the claimant show "significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates an onset before age 22."  20 C.F.R. pt. 404, subpart P, app. 1 § 12.05.  Once the claimant shows that he meets the threshold criteria of the listing, he  may qualify for disability after showing that he meets the criteria under one of four sub-sections in the listing.  Campos argues that she should be found disabled under sub-section (C) of the listing. Under § 12.05(C), the evidence must show that the claimant has a valid verbal, performance, or full scale Intelligence Quotient (IQ ) of 60 through 70 and that the claimant suffers from another mental impairment or a physical impairment that imposes "additional and significant work-related limitation of function."  20 C.F.R. pt 404, subpart P, app. 1 § 12.05(C).  Campos contends she meets the first criteria of § 12.05(C) – that of a low IQ – and points out that she finished high school with grade level retention at second grade, that testing when she was 14 years old showed she had a full scale

IQ of 67, and that recent testing demonstrated that she has a full scale IQ of 67.

Even if the court were to assume that Campos' IQ scores meet the criteria of sub-section (C) of Listing 12.05, Campos' argument that she is disabled under § 12.05(C) must be rejected because she has not shown that her impairments meet the threshold criteria under § 12.05. The threshold criteria of Listing 12.05 requires that the evidence show that the claimant suffers from deficits in adaptive functioning. *See* § 12.05 ("Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period . . ..")  "Adaptive functions" are activities such as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(C)(1).

The evidence does not show that Campos experiences deficits in any of the foregoing activities.   Addison E. Gradel, Ed.D., a psychologist who examined Campos, indicated in examination notes that Campos requires no assistance in bathing, in dressing, or in other areas related to personal hygiene: she is able to shop and make grocery purchases; she is able to choose her own clothing; and she is able to manage her own finances. (Tr. 627-28; *see* Tr. 631.)  Campos testified that she drove to the hearing and that she drove her children to and from school. (Tr. 508, 653.)  She also testified that she knew how to count change from a money purchase, that she could "make sense" of a newspaper, and that she was able to care for her three children and perform household chores such as cooking and washing dishes. (Tr. 648-49, 652.)  In regard to work-related abilities, she testified that at the time of the hearing she worked five hours per day making telephone calls to potential clients for an insurance company and setting up appointments with the potential

4

clients.  (Tr. 650-51.)  She testified that she spoke with the individuals she called and wrote in an appointment book the names, addresses, and phone numbers of the individuals with whom she spoke and the time of the appointment.  (Tr. 651.)  Campos' testimony regarding her activities of daily living demonstrates that she does not experience deficits in adaptive functioning.

The claimant bears the burden of proving that his impairment(s) meet or equal each of the specified medical criteria of a listing.  *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).  Campos has not met this burden; she has not shown that she experiences deficits in adaptive functioning and has not, therefore, shown that her impairments meet all the criteria required under the listing for mental retardation.  Her argument that the ALJ erred at step three of the sequential disability analysis must be rejected.

## IV.    The ALJ's Evaluation of Campos' Obesity and Sleep Apnea

Campos claims she is five feet five inches tall, that she weighs 285 pounds, and that she has been diagnosed with sleep apnea.  (Tr. 655, 658.)  She argues that the ALJ failed to properly consider her obesity and her sleep apnea and points to Social Security Ruling 02-01p which directs that the ALJ must consider the combined effect of the claimant's obesity with the claimant's other impairments at all stages of the sequential disability evaluation.  *See* SSR 02-01p, 2000 WL 628049 at *3.

Campos contends Ruling 02-01p advises that a claimant's obesity may result in limitations in his ability to perform the physical functions of work activity and that the Ruling further advises that an individual's obesity may also affect his mental abilities and his ability to sustain work activity.  She argues that the ALJ failed to comply with Ruling 02-01p because he did not consider the effect of her obesity on her ability to work and further argues that her sleep apnea is caused by

5

her obesity and that the ALJ failed to consider how the condition affects her ability to work.  She

contends the ALJ's analysis of her obesity consisted of a single statement in which he stated, "I have

given the claimant the full benefit of the doubt regarding her symptoms, including her obesity, and

recognize that she may have experienced some degree of pain or discomfort at time of overexertion."

The ALJ's analysis of Campos' obesity and the limitations related to her obesity consists of

more than a mere one-sentence statement.  The ALJ acknowledged that Campos has been diagnosed

with obesity and sleep apnea, and he determined that both impairments were severe impairments.

(Tr. 523.)  The ALJ stated that he had "considered the effects" of Campos' obesity and specifically

cited listed impairments he had considered in relation to her obesity.  (Tr. 530.)  He noted that

Ruling 02-01p advises that medical equivalence to a listing may be established in situations in which

the claimant's obesity causes limitations in the claimant's ability to ambulate effectively.  *Id*.  He

determined, however, that there was no evidence showing that Campos was markedly limited in her

ability to walk and stand and further determined that she was physically capable of performing

sedentary work with a sit/stand option.  (Tr. 530, 533.)  This determination is supported by

substantial evidence.  It is supported by testimony from a medical expert who believed that despite

Campos' obesity, she was capable of performing sedentary work that involved only occasional

stooping.  (Tr. 662-63.)  It is supported by the opinion of  Campos' orthopedic surgeon who

indicated that Campos was released to work and reported that she was capable of sitting for four to

six hours at a time during the workday, standing for one to two hours at a time during the workday,

and occasionally lifting ten to twenty pounds during the workday.  (Tr. 604-05.)  Finally, it is

supported by Campos' own reports.  Campos reported that she is able to drive and that she takes her

children to and from school, that she attends church, that she sits on bleachers when she attends her

son's football games, that she performs a number of household chores including grocery shopping and laundry, and that she was working at the time of her last hearing.  (Tr. 508-09, 628, 650, 653, 658.)

In regard to Campos' sleep apnea, the testifying medical expert stated that Campos had been prescribed a C-PAP machine in April 2007 and that C-PAP machines were "pretty effective in preventing the fatigue that goes with lack of sleep." (Tr. 663.)  The ALJ noted the medical expert's testimony and also noted Campos' testimony that she was not using the C-PAP machine.  (Tr. 529, 531; *see* Tr. 654.)  It has been acknowledged that a claimant's failure to use a prescribed C-PAP machine supports a finding that the claimant is not disabled.  *See, e.g., Blackstock v. Astrue*, 527 F.Supp.2d 604, 622 (S.D. Tex. 2007); *see* 20 C.F.R. § 404.1530(b) (a claimant's failure to follow prescribed treatment without good reason is grounds for finding the claimant not disabled).

The court has considered the record as a whole and has determined that there is substantial evidence to support the Commissioner's determination that Campos experienced medical improvement as of February 1, 2005, that she is capable of performing sedentary work with limitations, and that she is not disabled.

## V.      Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Campos' complaint with prejudice.

## VI.      Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document.

The filing of objections is necessary to obtain de novo review by the United States District Court.

A party's failure to file written objections within ten days shall bar such a party, except upon

grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted

by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en

banc).

      Dated:      April 30, 2009.

                            NANCY M. KOENIG
                            United States Magistrate Judge